IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01502-BNB

KIRK SZODINSKI,

      Plaintiff,

v.

DEPT. OF CORRECTIONS,
MEDICAL DEPT., and
FREMONT CORR. CENTER,

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 23 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Kirk Szodinski is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Szodinski initiated this action on June 15, 2009, by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Szodinski is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Szodinski will be ordered to file an Amended Complaint.

Mr. Szodinski asserts that he has been denied proper medical treatment, including surgery, for the injury he incurred to his shoulder. He further asserts that he suffers pain and discomfort every day due to the injury. Mr. Szodinski seeks injunctive

relief and money damages.

The Court finds that Mr. Szodinski is suing improper parties. Mr. Szodinski may not sue the Fremont Correctional Facility or the Colorado Department of Corrections. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Defendant Medical Department is not a person for the purpose of a § 1983 action. Mr. Szodinski must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named defendant personally participated in the asserted claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the Mr. Szodinski must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the

2

alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Szodinski further is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [  ]; when the defendant did it; how the defendant's action harmed him [  ]; and, what specific legal right [Mr. Szodinski] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Szodinski file **within thirty days from the date of this Order** an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Szodinski, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Szodinski submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Szodinski fails to file an original and sufficient copies of an Amended Complaint, within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 23rd day of July, 2009.

BY THE COURT:


_s/Craig B. Shaffer_____
Craig B. Shaffer
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01502-BNB

Kirk M. Szodinski
a/k/a Richard Szopinski
Prisoner No.  129117
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999


     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on___7/23/09___

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk